**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7490**

LATRON DUPREE BROWN,

Plaintiff - Appellant,

v.

DELL JOHNSON,

Defendant - Appellee,

and

ALBEMARLE COUNTY POLICE DEPARTMENT; JOHN MCKAY; TAVIS COFFIN; JON SUITZ; M. FRAIZER; HATTER; WORMLEY; MARK JONES; MCCALL; BRAKE,

Defendants.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Norman K. Moon, Senior District Judge. (7:14-cv-00576-NKM-RSB)

Submitted: March 13, 2018                    Decided: March 16, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Latron Dupree Brown, Appellant Pro Se. Jim H. Guynn, Jr., GUYNN & WADDELL P.C., Salem, Virginia, for Appellee.

––––––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Latron Dupree Brown sued Dell Johnson, an Albemarle County, Virginia, police officer, for excessive force under 42 U.S.C. § 1983 (2012), alleging that Johnson broke Brown's wrist during a 2013 arrest. After trial, the jury returned a verdict in favor of Johnson. Brown argues on appeal that the district court abused its discretion by denying his motion to continue the trial and his motion for sanctions. We affirm.

In discovery the defense provided Brown with a DVD containing the video of the arrest. The DVD contained two audio tracks: one from the microphone in the police car and one from the body microphone of one of the officers. At Brown's deposition, the parties discovered that the audio track from the car did not play on Windows Media Player, which was the program Brown used to view the DVD. The district court ordered the defense to provide Brown with a copy of the DVD with fully playable audio on or before October 18, 2017, eight days before the trial, which the defense did. The court denied Brown's motion to continue the trial and declined to impose any sanctions. The video was played for the jury at trial, and the jury subsequently returned a verdict in favor of Johnson.

"[A] trial court's denial of a continuance is reviewed for abuse of discretion; even if such an abuse is found, the [plaintiff] must show that the error specifically prejudiced her case in order to prevail. *United States v. Williams*, 445 F.3d 724, 739 (4th Cir. 2006) (ellipsis omitted). While Brown contends that the district should have continued the trial to give him more time to prepare after receiving the video with fully playable audio, he does not show how he was prejudiced by proceeding with the trial as scheduled.

3

Moreover, the record does not establish that the defense tampered with the DVD or knew that Windows Media Player would not play both audio tracks on the copy originally provided to Brown. The district court did not abuse its discretion in denying the motion to continue and the motion for sanctions. *See Hoyle v. Freightliner*, LLC, 650 F.3d 321, 329 (4th Cir. 2011) ("We review the imposition of discovery sanctions for abuse of discretion.").

Accordingly, we affirm the district court's judgment. We deny Brown's motion for a transcript. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and oral argument would not aid the decisional process.

*AFFIRMED*